UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRUCE COMMITTE | CASE NO. 1:19-CV-00122 |
| VERSUS | JUDGE DRELL |
| VICKIE GENTRY | MAGISTRATE JUDGE HORNSBY |

### JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein (Doc. 39), and after a *de novo* review of the record including the Objection filed by Bruce Committe ("Committe") (Doc. 43), having determined that the findings and recommendation are correct under the applicable law, we adopt the recommendations of the Magistrate Judge. In so ruling, we find the issue of qualified immunity need not be further discussed as Committe fails to assert any meritorious claims against Vickie Gentry ("Gentry") for violating his academic freedom, due process rights, and/or privileges and immunities.

While there is a sometimes recognized right to academic freedom, it does not apply to Committe under the facts as alleged. Committe's employment was as an untenured, assistant professor and an at-will employee of the School of Business in the College of Business and Technology at Northwestern State University, a State school. His speech at issue, the self-published textbook and syllabus, is clearly made in his role as a State employee. The state, as an employer, possesses greater authority to restrict the speech of its employees than it has as a sovereign to restrict the speech of the citizenry as a whole. Waters v. Churchill, 511 U.S. 661, 675 (1994); Connick v. Myers, 461 U.S. 138, 143 (1983). "[T]o the extent the Constitution recognizes any right of 'academic freedom' above and beyond the First Amendment rights to which every

citizen is entitled, the right in[ures] to the university, not the individual professors." Urofsky v. Gilmore, 216 F.3d 401, 409 (4th Cir.2000). As the speech at issue was that of a state employee, not a private citizen, Committe fails to state a claim for violation of academic freedom in violation of the First Amendment.

Committee also fails to establish that he was deprived any due process rights. He does not allege and cannot show he has a property interest in his employment contract as he was an at-will employee. Also, he was not fired or terminated at the time he filed the instant lawsuit. He had only been removed from teaching classes. Further, he has not shown a violation of any substantive due process liberty interest as there are no allegations, much less any evidence, that Gentry publicly announced Committe would not be reappointed nor did she make any statements which would impugn his name, reputation, honor, or integrity. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd of Regents of State Colleges v. Roth, 408 U.S.564, 560 (1972). As no such deprivations exist here, neither does a claim upon which relief can be granted.

Finally, Committee further fails to establish a violation of any privileges or immunities under either Article IV of the Constitution or the Fourteenth Amendment. The privileges and Immunities Clause of the Constitution establishes a norm of comity that is to prevail among states with respect to their treatment of each other's residents. Hicklin v. Orbeck, 437 U.S. 518, 523 (1978) (Citations omitted). As Committe fails to assert any covered State action, there is no viable claim for violation of the Privileges and Immunities Clause.

IT IS ORDERED that Dr. Gentry's motion to dismiss (Doc. 35) is GRANTED and

Committe's complaint is DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED this 23RD day of June 2020, at Alexandria, Louisiana.

                                                DEE D. DRELL, JUDGE
                                    UNITED STATES DISTRICT COURT